## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

THE CUSTARD HUT FRANCHISE
LLC,

    **Plaintiff,**

v.

H & J JAWAD LLC d/b/a The Custard
Company,

    **Defendants.**

No.

## COMPLAINT

Plaintiff THE CUSTARD HUT FRANCHISE LLC, by its undersigned

attorneys, brings this Complaint for trademark infringement, trade dress

infringement, unfair competition, and cybersquatting against Defendant H & J

JAWAD LLC d/b/a The Custard Company as follows:

1.    Plaintiff The Custard Hut Franchise LLC ("The Custard Hut") brings

this action to stop the defendant H & J JAWAD LLC d/b/a The Custard Company

("The Custard Co.") from confusing the public by infringing the Custard Hut's

superior rights to its the Custard Hut common law trademark and unique trade

dress.

2.    The Custard Hut has been in operation at its Dearborn Heights,

Michigan location since 1979. It sells ice cream and frozen custard. The Custard

Hut is known for its waffle sandwiches – frozen custard and various toppings

placed between two waffles. Based on its decades of continuous operation and high quality products and service, The Custard Hut has developed a local and national following in THE CUSTARD HUT name and in unique trade dress of The Custard Hut's store.

3.      Recognizing the strength of The Custard Hut's common law trademark and unique trade dress, the owners of The Custard Co. sought to license THE CUSTARD HUT name and trade dress with permission from The Custard Hut to operate a similar store. When those negotiations broke down, The Custard Co. decided to move forward anyway and misappropriate Plaintiff's THE CUSTARD HUT trademark and unique trade dress of The Custard Hut to sell the same ice cream and frozen custard products, including the waffle sandwich.

4.      The natural and obvious result is consumer confusion between the two companies resulting in loss of goodwill of The Custard Hut's trademark and unique trade dress. Multiple customers have entered The Custard Hut's store seeking to use The Custard Co.'s coupons.

5.      Further underscoring The Custard Co.'s unlawful duplicity, The Custard Co. registered the domain name <thecustardhut.com> and redirected it to The Custard Co.'s website. When confronted, The Custard Co. stopped the redirection but took a month to do so. The Custard Hut then discovered that The Custard Co. registered the domain name <custardhut.com> as well. These blatant

acts of cybersquatting highlight the intentional and unlawful practices of The Custard Co., whose clear intent is to trade off the goodwill and name recognition of The Custard Hut.

6.     The Custard Co's actions constitute trademark infringement, trade dress infringement, unfair competition, and cybersquatting. The Custard Hut brings this action to stop Defendant's unlawful practices, disgorge Defendant's improper gains, and compensate The Custard Hut for its lost goodwill and reputation

## PARTIES

7.     The Custard Hut is a Michigan limited liability company with its principal place of business in Dearborn Heights, Michigan. The Custard Hut operates an ice cream and frozen custard store in Dearborn Heights, Michigan. The Custard Hut also has a second location in Detroit, which it opened in 2018.

8.     The Custard Co. is a Michigan limited liability company with its principal place of business in Dearborn, Michigan. The Custard Co. operates an ice cream and frozen custard store in Dearborn, Michigan that infringes The Custard Hut's trademark and unique trade dress.

## JURISDICTION AND VENUE

9.     This is a civil action seeking damages and injunctive relief for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114, 1125, *et seq*. as well as related state law claims.

10.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

11.     The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367, as those claims form part of the same case and controversy.

12.     This Court has personal jurisdiction over The Custard Co. because it is a Michigan limited liability company doing business in this District.

13.     Venue is proper in the District pursuant to 28 U.S.C. § 1391(b).

## RELEVANT FACTS

**The Custard Hut's common law trademark in THE CUSTARD HUT**

14.     The Custard Hut has been in operation since 1979 at its Dearborn Heights location selling ice cream and frozen custard.

15.     In 2013, The Custard Hut's current owners purchased The Custard Hut, including its name and related trademark rights in THE CUSTARD HUT.

16.     The Custard Hut uses THE CUSTARD HUT as its source identifier and in all of its marketing and advertising.

17.     The Custard Hut has an active social media presence on Instagram and Facebook, in which it uses THE CUSTARD HUT as its source identifier:



The Custard Hut Instagram, attached at <u>Exhibit 1</u>.



The Custard Hut FaceBook, attached at <u>Exhibit 2</u>.

18.     The Custard Hut is known for its waffle sandwiches – frozen custard and various toppings placed between two waffles.

19.     The Custard Hut emphasizes the waffle sandwich to make it the Custard Hut's source identifier for the consuming public:



The Custard Hut sign, attached at <u>Exhibit 3</u>.

20.     The Custard Hut has made a significant investment in its marketing and branding to maintain its goodwill and position in the greater Detroit area.

21.     The Custard Hut and its waffle sandwich have been the subject of local and national press.

22.     For example, a 2017 article in the Detroit Metro Times begins is description of The Custard Hut with ""That's the one with the waffle sandwich, right?" is what pretty much everyone says when Custard Hut comes up in the metro Detroit custard conversation. Indeed, it's famous for sandwiching a glob

of creamy custard between two warm waffles along with a layer of toppings."

https://www.metrotimes.com/detroit/in-search-of-metro-detroits-best-custard/Content?oid=4065954, last visited August 23, 2021.



The Waffle sandwich with pistachio custard and Fruity Pebbles at Custard Hut.

*Id.*

23.    In, 2017, BuzzFeed featured The Custard Hut and its waffle sandwich in a national write up on the best ice cream sandwiches in America.

https://www.buzzfeed.com/hannahloewentheil/the-best-ice-cream-sandwiches-in-america-according-to-yelp, last visited August 23, 2021.

24.     The national renown for The Custard Hut and its waffle sandwich was even recognized by Detroit's Local 4.

https://www.clickondetroit.com/features/2018/04/29/the-custard-hut-in-dearborn-heights-packs-custard-between-waffles-for-delicious-warm-weather-treat/, last visited August 23, 2021.

25.     The Custard Hut has applied for registration of THE CUSTARD HUT with the U.S. Trademark Office, which is still pending as of the date of this Complaint.

### The Custard Hut's protectible trade dress

26.     In addition to its protectible trademark in THE CUSTARD HUT, The Custard Hut has protectible, non-functional trade dress rights in the way in which its store is presented to the consuming public.

27.     The Custard Hut utilizes a visually unique and highly distinctive trade dress ("The Custard Hut Trade Dress") in connection with its store. The Custard Hut Trade Dress consists of, at least, the following elements: 1) The Custard Hut pink and black exterior design and branding; 2) The Custard Hut pink, black, and white interior design and branding; and 3) The Custard Hut black and neon menu design.

28.     The elements of The Custard Hut Trade Dress are non-functional and not required to operate an ice cream and frozen custard store.

29.     The Custard Hut advertises using The Custard Hut Trade Dress to

reinforce this consumer connection between The Custard Hut Trade Dress and The

Custard Hut:



The Custard Hut Instagram, attached hereto as Exhibit 4.



The Custard Hut Instagram, attached hereto as Exhibit 5.

30.     The Custard Hut's continued and uninterrupted use of its unique trade dress since 2013 has created secondary meaning in the minds of the consuming public.

31.     THE CUSTARD HUT trademark and The Custard Hut Trade Dress serve to distinguish The Custard Hut from other providers of ice cream and frozen custard store services.

32.     The Custard Hut has spent substantial time, effort, and money to promote its intellectual property and associated goods and services through advertising and social media.

33.     As a result of its investment, consumers throughout the Detroit metropolitan area and elsewhere have come to associate THE CUSTARD HUT trademark and The Custard Hut Trade Dress exclusively with The Custard Hut.

**Failed negotiations over authorized use of THE CUSTARD HUT and The Custard Hut Trade Dress**

34.     In 2019, the owners of The Custard Co. approached the owners of The Custard Hut about a possible joint venture for other locations of The Custard Hut.

35.     The owners of The Custard Co. recognized the goodwill and renown of The Custard Hut and its waffle sandwich.

36.     Subsequently, The Custard Hut and the owners of Defendant entered negotiations whereby The Custard Hut would grant the owners of Defendant a license to use The Custard Hut's intellectual property, including THE CUSTARD

HUT trademark and The Custard Hut Trade Dress in connection with an ice cream and frozen custard shop to be located in Dearborn, Michigan.

37.     No agreement was reached, and The Custard Hut never granted the owners of Defendant any right to use THE CUSTARD HUT or The Custard Hut Trade Dress.

38.     Therefore, The Custard Co. has never been authorized to use THE CUSTARD HUT trademark or The Custard Hut Trade Dress.

## The Custard Co.'s unauthorized use of THE CUSTARD HUT and The Custard Hut Trade Dress

39.     Nevertheless, upon breakdown in negotiations, the owners of The Custard Co. were undeterred and opened a competing ice cream and frozen custard store named THE CUSTARD HUT.

40.     The Custard Hut promptly demanded the owners of The Custard Co. to cease and desist use of THE CUSTARD HUT and The Custard Hut Trade Dress.

41.     The owners of The Custard Co. acknowledged their unlawful use of The Custard Hut's intellectual property and stopped using THE CUSTARD HUT verbatim. However, they did not stop infringing on The Custard Hut's intellectual property rights.

42.     The Custard Co. changed the name of its competing ice cream and frozen custard store from The Custard Hut to the confusingly similar The Custard Co.

43.     In addition, The Custard Co. sells a knock-off waffle sandwich:



www.custardco.com, last visited August 23, 2021.

44.     The Custard Co. store predominately features a confusingly similar name to THE CUSTARD HUT and The Custard Hut Trade Dress:

| The Custard Hut | The Custard Co. |
|---|---|
|  | |













45.    The Custard Co. also advertises on Facebook and Instagram – where it uses confusingly similar The Custard Co. name and The Custard Hut Trade Dress:



The Custard Co. Facebook, attached hereto as Exhibit 6.

46.    The Custard Co. has engaged in additional advertising with the Detroit Pistons – featuring the confusingly similar The Custard Co. mark – further eroding The Custard Hut's goodwill.

47.    The Custard Co.'s advertising of similar products and services using the same marketing channels as The Custard Hut is likely to lead to consumer confusion and the erosion of The Custard Hut's goodwill.

48.    Additionally, The Custard Co. registered the domain name <thecustardhut.com>. This domain is identical and confusingly similar to The Custard Hut's THE CUSTARD HUT mark.

49.    In an example of egregious bad faith, The Custard Co. used the <thecustardhut.com> domain to redirect website traffic its own website at <thecustardco.com>.

50.    As a result, The Custard Co. diverted consumers looking for The Custard Hut website to The Custard Co. website for its own commercial gain.

51.    The Custard Co. stopped redirecting website traffic from <thecustardhut.com> to its own website upon being confronted by The Custard Hut but only after waiting a month to do so.

52.    The Custard Hut subsequently learned The Custard Co. also registered <custardhut.com> to further its unlawful cybersquatting.

53.    Finally, The Custard Co. identified itself as The Custard Hut in its business records—such as its registration with the Wayne County Health Department and agreements with local internet service providers—and in communications with customers and vendors.

54.    All of these actions present a pattern of willful behavior by The Custard Co. using The Custard Hut's trademark and trade dress to build itself up and trade off the goodwill and reputation of The Custard Hut.

55.    Counsel for The Custard Hut sent The Custard Co. cease and desist letters on June 22, 2021 and July 26, 2021 but The Custard Co. refuses to cease using a name confusingly similar to THE CUSTARD HUT trademark and use of The Custard Hut Trade Dress.

56.    The Custard Co. has offered to transfer the unlawfully obtained domain names but has not completed the process.

57.    The Custard Co. continues to knowingly violate THE CUSTARD HUT trademark and The Custard Hut Trade Dress and unfairly compete by trading off The Custard Hut's goodwill and reputation.

58.    The conduct of The Custard Co. is deliberate and intentional, and intended to enrich The Custard Co. and harm and damage The Custard Hut.

59.    The Custard Co.'s infringement of THE CUSTARD HUT trademark and The Custard Hut Trade Dress is likely to cause confusion, mistake and deceive third parties as to the affiliation, connection or association of The Custard Co. with The Custard Hut and as to whether or not The Custard Hut has anything to do with the origin, sponsorship, or approval of the goods, services or other commercial activities of The Custard Co.

60.     In fact, consumer confusion has occurred. Multiple customers have entered The Custard Hut's store seeking to use The Custard Co.'s coupons.

61.      The conduct of The Custard Co. has occurred in, continues to occur in, and has caused damage to The Custard Hut in this District and elsewhere.

**COUNT I**
**UNFAIR COMPETITION**
**15 U.S.C. § 1125(a) (LANHAM ACT § 43)**
**THE CUSTARD HUT TRADEMARK**

62.     The Custard Hut incorporates Paragraphs 1 to 61 as if fully stated herein.

63.     Section 43 of the Lanham Act (15 U.S.C. § 1125) precludes the use in commerce of any word, name, or phrase likely to cause confusion as to the affiliation, connection or association as to the origin or sponsorship of goods or services by another person.

64.     The Custard Hut has protectible rights to THE CUSTARD HUT trademark.

65.     THE CUSTARD HUT trademark is suggestive of the services offered by The Custard Hut. In the alternative, The CUSTARD HUT has obtained secondary meaning through its use in commerce by The Custard Hut since 2013 as described above.

66.     The Custard Co.'s use of The Custard Co. in connection with an ice cream and frozen custard shop is confusingly similar to THE CUSTARD HUT and

constitutes infringement of The Custard Hut's rights and is likely to create

confusion, or to cause mistake, or to deceive as to the origin, sponsorship or

approval of The Custard Co.'s products in violation of 15 U.S.C. § 1125.

67.     The Custard Hut has not authorized The Custard Co.'s use of THE

CUSTARD HUT.

68.     The unlawful activities of The Custard Co. complained of herein have

caused and, unless restrained and enjoined, will continue to cause irreparable harm,

damage and injury to The Custard Hut for which The Custard Hut has no adequate

remedy at law.

69.     On information and belief, The Custard Co. deliberately adopted the

use of THE CUSTARD HUT with a bad faith intent to trade upon the goodwill

established by The Custard Hut.

70.     The Custard Co.'s willful and defiant disregard of The Custard Hut's

intellectual property rights makes this case an exceptional case for which an award

of The Custard Hut's reasonable attorneys' fees and exemplary damages is

warranted.

## COUNT II
### UNFAIR COMPETITION
### 15 U.S.C. § 1125(a) (LANHAM ACT § 43)
### THE CUSTARD HUT TRADE DRESS

71.     The Custard Hut incorporates Paragraphs 1 to 70 as if fully stated

herein.

72.     Section 43 of the Lanham Act (15 U.S.C. § 1125) precludes the use in commerce of any trade dress likely to cause confusion as to the affiliation, connection or association as to the origin or sponsorship of goods or services by another person.

73.     The Custard Hut has protectible rights to The Custard Hut Trade Dress.

74.     The Custard Hut Trade Dress has obtained secondary meaning through its use in commerce by The Custard Hut since 2013 as described above.

75.     The Custard Co.'s use of The Custard Hut's Trade Dress in connection with an ice cream and frozen custard shop is confusingly similar to The Custard Hut and constitutes infringement of The Custard Hut's rights and is likely to create confusion, or to cause mistake, or to deceive as to the origin, sponsorship or approval of The Custard Co.'s products in violation of 15 U.S.C. § 1125.

76.     The Custard Hut has not authorized The Custard Co.'s use of The Custard Hut Trade Dress.

77.     The unlawful activities of The Custard Co. complained of herein have caused and, unless restrained and enjoined, will continue to cause irreparable harm, damage and injury to The Custard Hut for which The Custard Hut has no adequate remedy at law.

78.     On information and belief, The Custard Co. deliberately adopted the use of The Custard Hut Trade Dress with a bad faith intent to trade upon the goodwill established by The Custard Hut.

79.     The Custard Co.'s willful and defiant disregard of The Custard Hut's intellectual property rights makes this case an exceptional case for which an award of The Custard Hut's reasonable attorneys' fees and exemplary damages is warranted.

**COUNT III**
**CYBERSQUATTING**
**15 U.S.C. § 1125(d) (LANHAM ACT § 43)**

80.     The Custard Hut incorporates Paragraphs 1 to 79 as if fully stated herein.

81.     Section 15 U.S.C. § 1125(d) precludes the bad faith intent to profit off another's trademark through the registration, traffic or use of a domain name.

82.     The Custard Hut has protectible rights to THE CUSTARD HUT trademark.

83.     THE CUSTARD HUT was distinctive or had acquired secondary meaning at the time The Custard Co. registered <thecustardhut.com>.

84.     THE CUSTARD HUT was distinctive or had acquired secondary meaning at the time The Custard Co. registered <custardhut.com>.

85.    <thecustardhut.com> is identical to The Custard Hut's THE CUSTARD HUT trademark.

86.    <custardhut.com> is confusingly similar to The Custard Hut's THE CUSTARD HUT trademark.

87.    The Custard Co. used, registered, or trafficked in the <thecustardhut.com> domain name.

88.    The Custard Co. used, registered, or trafficked in the <custardhut.com> domain name.

89.    As detailed above, The Custard Co. took its actions in relation to <thecustardhut.com> domain name with a bad faith intent to profit.

90.    As detailed above, The Custard Co. took its actions in relation to <custardhut.com> domain name with a bad faith intent to profit.

91.    The Custard Co. has no rights to THE CUSTARD HUT and has never had any.

92.    The Custard Co. had no bona fide noncommercial or fair use for the domain names it misappropriated.

93.    The Custard Co. intentionally diverted consumers looking for The Custard Hut through its redirection of <thecustardhut.com> to <thecustardco.com>.

94.     On information and belief, The Custard Co. intended to intentionally divert consumers looking for The Custard Hut through its redirection of <custardhut.com> to <thecustardco.com> until its actions were discovered by The Custard Hut.

95.     The Custard Hut seeks its attorneys' fees and statutory damages for The Custard Co.'s actions in relation to the <thecustardhut.com> and <custardhut.com> domain names.

### COUNT IV
### MICHIGAN CONSUMER PROTECTION ACT
### M.C.L.A. 445.900, *et seq.*

96.     The Custard Hut incorporates Paragraphs 1 to 95 as if fully stated herein.

97.     Section 903 of the Michigan Consumer Protection Act provides in relevant part:

> Unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful and are defined as follows:
>
> (a)     Causing a probability of confusion or misunderstanding as the source, sponsorship, approval, or certification of goods or services;
> ….
> (c) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have;

M.C.L.A. § 445.903

98.    The Custard Co.'s use of a name confusingly similar to THE CUSTARD HUT and use of The Custard Hut Trade Dress in relation to its ice cream and frozen custard store is a violation of the Michigan Consumer Protection Act.

99.    The Custard Co.'s violations have caused actual and ascertainable damages to The Custard Hut in an amount yet to be fully established.

100.   The Custard Co.'s violations were at all times intentional and willful as stated herein.

## COUNT V
### COMMON LAW UNFAIR COMPETITION

101.   The Custard Hut incorporates Paragraphs 1 to 100 as if fully stated herein.

102.   The Custard Co.'s use of a name confusingly similar to THE CUSTARD HUT for its The Custard Co. ice cream and frozen custard store without The Custard Hut's consent:

   i.    was an attempt to pass off The Custard Co.'s products as those of The Custard Hut;

   ii.   caused, and continues to cause, a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of The Custard Co's ice cream and frozen custard store;

   iii.  caused, and continues to cause, a likelihood of confusion or of

misunderstanding as to affiliation, connection or association between The Custard Co. and The Custard Hut; and/or

iv.  created, and continues to create, a likelihood of confusion or misunderstanding among consumers, generally as between the ice cream and frozen custard stores of The Custard Co. and those of The Custard Hut.

103.  The Custard Co. use of The Custard Hut Trade Dress on an ice cream and frozen custard store without The Custard Hut's consent:

i.  was an attempt to pass off The Custard Co.'s ice cream and frozen custard store as that of The Custard Hut;

ii.  caused, and continues to cause, a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of The Custard Co.'s ice cream and frozen custard store;

iii.  caused, and continues to cause, a likelihood of confusion or of misunderstanding as to affiliation, connection or association between The Custard Co. and The Custard Hut; and/or

iv.  created, and continues to create, a likelihood of confusion or misunderstanding among consumers, generally as between the ice cream and frozen custard stores of The Custard Co. and those of The Custard Hut.

104.   The Custard Co. intentionally and willfully engaged in unfair competition in that The Custard Co.'s use of a name confusingly similar to THE CUSTARD HUT and use of The Custard Hut Trade Dress to provide the same products and services as The Custard Hut creates confusion in the public mind, and misappropriates The Custard Hut's rights and the goodwill it has established, all to the irreparable injury of The Custard Hut.

105.   The Custard Co.'s infringement constitutes inequitable pirating of the fruits of The Custard Hut's labor and constitutes unfair competition in violation of Michigan common law.

106.   On information and belief Defendants' acts of unfair competition were done knowingly, intentionally and willfully.

107.   The Custard Co.'s infringement has caused, and will continue to cause, The Custard Co. to engage in unfair competition with The Custard Hut unless enjoined by this Court.

108.   The Custard Co.'s infringement has caused and, unless restrained and enjoined, will continue to cause irreparable harm, damages and injury to The Custard Hut for which The Custard Hut has no adequate remedy at law.

WHEREFORE, The Custard Hut Franchise, LLC prays as follows:

A. That the Court enter judgment in favor of The Custard Hut Franchise, LLC against Defendant H & J JAWAD, LLC d/b/a The Custard Co.  for

all damages proximately caused by Defendant and further award The Custard Hut Franchise, LLC its attorney fees and costs incurred in the prosecution of this action;

B. That the Court find that Defendant H & J JAWAD, LLC d/b/a The Custard Co. violated 15 U.S.C. § 1125(a) and grant The Custard Hut Franchise, LLC preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C. § 1117(a) consisting of Defendant H & J JAWAD, LLC d/b/a The Custard Co.'s profits, any damages sustained by The Custard Hut Franchise, LLC and the cost of the action; said amount to be trebled; that the Court award The Custard Hut Franchise, LLC its attorney fees; that the Court in the alternative award damages in such amount as the court in its discretion shall find to be just; that the Court in the alternative, if elected by The Custard Hut Franchise, LLC, award statutory damages against Defendant H & J JAWAD, LLC d/b/a The Custard Co.;

C. That the Court find that Defendant H & J JAWAD, LLC d/b/a The Custard Co. violated 15 § U.S.C. 1125(d) and grant The Custard Hut Franchise, LLC preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C. § 1117(a) & (d), consisting of statutory damages; that the Court award The Custard Hut Franchise, LLC its

attorney fees; that the Court in the alternative award damages in such

amount as the Court in its discretion shall find to be just;

D.  That the Court find that Defendant H & J JAWAD, LLC d/b/a The

Custard Co. violated M.C.L.A. 445.900 *et seq*. and grant The Custard

Hut Franchise, LLC preliminary and permanent injunctive relief together

with such damages as are proven at trial; and that the Court award The

Custard Hut Franchise, LLC its attorney fees and costs;

E.  That the Court award such other and further relief as it deems just and

equitable.

<u>**JURY DEMANDED ON ALL TRIABLE ISSUES**</u>

Respectfully submitted,

**HOWARD & HOWARD ATTORNEYS PLLC**

Dated: September 9, 2021      By: <u>*/s/ Joseph W. Barber*</u>
                                    Joseph W. Barber (P82728)
                                    450 W. Fourth Street
                                    Royal Oak, Michigan 48067
                                    (248) 645-1483
                                    jwb@h2law.com

                                    Attorneys for The Custard Hut Franchise, LLC

4843-4100-6839, v. 2