UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE CUSTARD HUT
FRANCHISE LLC,

        Plaintiff,

v.

H & J JAWAD LLC d/b/a The
Custard Company, THE
CUSTARD COMPANY-AMOCO
LLC, and THE CUSTARD
COMPANY-HEIGHTS LLC

        Defendants.
_____/

Case No. 2:21-cv-12099
District Judge David M. Lawson
Magistrate Judge Anthony P. Patti

**MEMORANDUM OPINION AND ORDER SUSTAINING DEFENDANTS' OBJECTIONS (ECF No. 77) TO PLAINTIFF'S ATTORNEY FEE REQUEST (ECF No. 75), IN PART, AND AWARDING REDUCED ATTORNEY FEES ASSOCIATED WITH PLAINTIFF'S MOTION TO COMPEL (ECF No. 70)**

On August 18, 2023, Plaintiff filed a motion to compel discovery, seeking a copy of a licensing agreement that was relevant to this case, documents regarding expansion and documents reflecting communications. (ECF No. 70). The Court gave notice of a hearing (ECF No. 72); however, when Defendants failed to file a timely response to the motion, the Court cancelled the hearing and granted the motion as unopposed, awarding costs and expenses, including attorney fees, under

Fed. R. Civ. P. 37(a)(5)(a), specifying that if Plaintiff wished to pursue them it must file an itemized, sworn bill of costs. (ECF No. 73.)  The order provided Defendants with a deadline for filing objections to Plaintiff's bill of costs. Subsequently, Plaintiff timely filed its itemized bill of costs and supporting declaration of counsel, seeking $1,683.50, representing 3.7 hours of attorney time at a $455 hourly rate. (ECF No. 75.)  Defendants timely filed a lengthy objection, arguing that the circumstances of the motion mitigated against awarding the requested fees, pointing out that they in fact produced the disputed license agreement on August 30, 2023, and alternatively lodging objections to certain time entries and the requested hourly rate, pointing to the Michigan State Bar survey to justify a lower one. (ECF No. 77.)

    The case has now been tried, with the jury rendering a no cause of action verdict (ECF No. 91) and the Court consequently entering judgment in Defendants' favor (ECF No. 94).  The Court has reviewed Plaintiff's earlier request for attorney fees, associated with the August 2023 motion to compel discovery, as supported by counsel's declaration and itemized bill of costs, as well as Defendants' objections thereto.  Defendants' objections are **sustained in part**. Although Defendants suggest that their responsibility for paying attorney fees should be mitigated by the fact that they turned over the licensing agreement in conjunction with supplemental discovery responses that they provided on August

30, 2023, as well as communications related thereto by September 12, 2023 (ECF No. 77, PageID.972-973), Fed. R. Civ. P. 37(a)(5)(A) makes clear that costs and expenses are to be awarded, "after giving an opportunity to be heard," where "the disclosure or requested discovery is provided after the motion was filed." The discovery motion in question was filed on August 18, 2023. (ECF No. 70.) The licensing agreement and its related communications were thus provided "after the motion was filed." These documents should have been produced in response to document request No. 24, even if the portion of that request which sought "[a]ll documents relating to" any "license, settlement, *or other agreement taken*" was arguably objectionable as overbroad. (ECF No. 70-3, PageID.928 (emphasis added).) Plaintiff should not have been required to seek a court order to obtain the licensing agreement or its related communications, particularly in light of the nature of this lawsuit. Producing the document after the motion had already been filed does not mitigate the costs and expenses associated with drafting the motion. Moreover, while defense counsel also points out that the discovery dispute leading to this motion predated his involvement in the case (ECF No. 77, PageID.971), the Court notes that the underlying motion's certification under E.D. Mich. LR 7.1 (ECF No.70, PageID.896) reports at least two requests made by Plaintiff's counsel for the disputed documentation *after* the current, objecting counsel's appearance was filed. (ECF No. 65.)

However, Defendants' objections with respect to the number of attorney hours and billing rate sought are largely sustained. Defense counsel's utilization of the Michigan State Bar *Economics of Law Practice* survey – taking into account his brother counsel's position as an equity partner/shareholder in the law firm, his number of years of experience, location and area of law practice (intellectual property) – yielding a mean average hourly rate for Plaintiff's counsel in the amount of $335.75 (ECF No. 77, PageID.976-977) is deemed appropriate for this type of simple discovery motion (which amounted to only five substantive pages of briefing) and is adopted. In doing so, the Court takes into consideration the complexity of the motion, counsel's experience, the above-referenced survey and the Court's own experience. *See Adcock-Ladd v. Sec'y of Treasury,* 227 F.3d 343, 349 and n.8 (6th Cir. 2000) (district court may adjust fee figure based on "relevant considerations peculiar to the subject litigation[,]" including the novelty and difficulty of the questions presented); *Thomas v. Bannum Place of Saginaw*, 421 F. Supp.3d 494, 498 (E.D. Mich. 2019) (("Additionally, 'Judges use their experience with the case and counsel, *as well as their experience with the practice of law*, to assess the reasonableness of the hours spent and rates charged in connection with a request for expense shifting sanctions.'" (quoting 7 *Moore's Federal Practice*, § 37.23[8] (3d ed. 2017) (emphasis added))). The Court also agrees with Defendants that the 0.5 hours billed for "Correspondence with opposing counsel regarding

4

discovery" (ECF No. 75, PageID.951), as opposed to the drafting of the motion itself, should not be awarded, since Rule 37 provides for the awarding of "reasonable expenses *incurred in making the motion*, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). The Court further reduces the remaining 3.2 hours requested for drafting and revision of the motion based on the length and simplicity of the motion itself, reducing that amount to 2.7 hours, which the Court deems reasonable. Accordingly, the Court **approves and awards** Plaintiff a total of 2.7 hours at an hourly rate of $335.75, for a total of **$906.53**, to be paid by defense counsel's law firm to Plaintiff's counsel's law firm on or before **January 8, 2024**, the Court seeing no demonstrated fault on the part of defense counsel's clients.

It is **SO ORDERED**.[1]

Dated; December 27, 2023

Anthony P. Patti
United States Magistrate Judge

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).